**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellant,*

  v.

DANTE KENYON ANDERSON,
   *Defendant-Appellee.*

No. 09-50559

D.C. No.
2:08-cr-00121-JSL-1

OPINION

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Submitted November 3, 2010*
Pasadena, California

Filed November 16, 2010

Before: Harry Pregerson, Kenneth F. Ripple,** and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Kenneth F. Ripple, Senior Judge, United States Court
of Appeals for the Seventh Circuit, sitting by designation.

18557

**COUNSEL**

Sean Kennedy, Federal Public Defender, Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, for the plaintiff-appellant.

André Birotte Jr., United States Attorney, Christine C. Ewell, Assistant United States Attorney, Shawn J. Nelson, Assistant United States Attorney, Los Angeles, California, for the defendant-appellee.

## OPINION

PER CURIAM:

The United States appeals the district court's dismissal of Defendant-Appellee Dante Anderson's indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The court concluded that the defendant's two predicate felony convictions were insufficient to support a federal indictment because each resulted from a plea of nolo contendere in a California state court and, therefore, did not conclusively establish Anderson's guilt.

**[1]** Title 18 U.S.C. § 922(g)(1) prohibits possession of a firearm by "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20); *accord United States v. Valerio*, 441 F.3d 837, 839 (9th Cir. 2006) ("Under the federal felon in possession statute, state law controls on whether a person has a 'conviction,' . . . .").

**[2]** The California Penal Code, section 1016(3), provides that "[t]he legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." A plea of nolo contendere "is the functional equivalent of a guilty plea." *People v. Whitfield*, 54 Cal. Rptr. 2d 370, 377 (Ct. App. 1996).

**[3]** The district court's holding was clearly erroneous. Section 922(g)(1) requires only that the defendant was "convicted" of a previous felony, as defined by the jurisdiction in which the proceedings were held. California law treats a plea of nolo contendere as equivalent to a guilty plea. Thus, Anderson's nolo contendere pleas resulted in convictions, and either conviction was sufficient to qualify as a predicate felony.

**[4]** The district court's dismissal of the indictment under § 922(g)(1) is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**