**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE MONTAY HADNOT, AKA
Monster,

Defendant - Appellant.

No. 10-50252

D.C. No. 2:09-cr-00114-DDP-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted June 9, 2011
Pasadena, California

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and BREWSTER,
Senior District Judge.[**]

Defendant Terrence Montay Hadnot ("Hadnot") appeals the district court's

(1) denial of his motion to suppress evidence obtained during a search of his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Rudi M. Brewster, Senior District Judge for the U.S.
District Court for Southern California, San Diego, sitting by designation.

residence; and (2) calculation at sentencing of his criminal history category. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

The facts and procedural history of this case are known to the parties and will not be repeated here. Hadnot argues that the district court clearly erred in finding that the officers knew about the search and seizure condition on his probation before commencing the search of his residence.

In order to reverse a district court's factual findings as clearly erroneous, we must determine that the district court's findings were illogical, implausible, or without support in the record. *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) (citation omitted) (applying this standard to factual findings at sentencing); *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (articulating this standard in the context of a motion for new trial).

First, Hadnot contends that the validity of the search hinges on the necessary but erroneous factual conclusion that Detective Kouri called Probation Officer Tatley to confirm Hadnot's search and seizure condition before he interviewed Hadnot's girlfriend, Tynisha Ellis. Even if we accept that such a conclusion is necessary, the record does not demonstrate that it is clearly erroneous. It is true that P.O. Tately's recollection of his conversation with Detective Kouri suggests,

2

contrary to Detective Kouri's own testimony, that the detective called him after having already interviewed Ellis. Even in light of this inconsistent testimony, however, the district court's interpretation of the facts remains plausible. *See Spangle*, 626 F.3d at 497. P.O. Tately testified that he frequently received probation inquiries from other detectives and from Detective Kouri specifically, which renders perfectly plausible the inference that he was mistaken about what Detective Kouri said to him or that he recalled the conversation with less than exact precision. Thus, the conclusion that Detective Kouri learned about Hadnot's probation status before the interview with Ellis is not clearly erroneous.

Second, even if the phone conversation between Detective Kouri and P.O. Tately did in fact take place after the detective interviewed Ellis, this does nothing to call into question, let alone render implausible, the amply supported conclusion that, by the time the agents conducted the search, they were aware of Hadnot's probation status. The district court's factual findings are not clearly erroneous.

## II.

Hadnot argues that his prior convictions based on pleas of nolo contendere should not be considered "prior offenses" that increase his sentencing range under U.S.S.G. § 4A1.1, because such convictions do not require that the state prove or that a defendant admit that he was guilty of the crime. We review the district

3

court's interpretation of the Sentencing Guidelines *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error. *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008).

Hadnot's argument with respect to nolo contendere pleas is foreclosed by the express terms of U.S.S.G. § 4A1.2(a)(1), which define "prior sentence" for purposes of determining a criminal history category as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Under California law, a plea of nolo contendere "'is the functional equivalent of a guilty plea.'" *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting *People v. Whitfield*, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)). While Hadnot makes several arguments highlighting the practical considerations, unrelated to guilt, that may motivate a plea of nolo contendere, these arguments do not negate such a plea's clear effect for purposes of sentencing. Therefore, the district court properly considered Hadnot's prior offenses when determining his criminal history category.

**AFFIRMED.**

4