**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RANDY PENARANDA CABANTAC,
a/k/a Randy Reyes,

*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

*Respondent.*

Nos. 09-71336,
12-71459*

Agency No.
A045-078-802

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Petition No. 09-71336
Argued and Submitted
August 9, 2011—San Francisco, California

Filed August 23, 2012

Before: Alex Kozinski, Chief Judge,
Diarmuid F. O'Scannlain and Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

*The judges unanimously find Petition No. 12-71459, which has been consolidated with Petition No. 09-71336, suitable for disposition without oral argument.

---

**COUNSEL**

Kara L. Hartzler, Florence Immigrant and Refugee Rights Project, Florence, Arizona, Kari Elisabeth Hong, Law Office of Kari E. Hong, Oakland, California, for the petitioner.

Linda Y. Cheng, Francis William Fraser, Gary J. Newkirk, Aaron R. Petty, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for the respondent.

---

**OPINION**

PER CURIAM:

Randy Cabantac, a native and citizen of the Philippines, petitions for review from an order by the Board of Immigration Appeals ("BIA") affirming an order of removal by the Immigration Judge ("IJ"). The IJ found Cabantac removable for having been convicted of possession of a controlled substance, methamphetamine, in violation of California Health & Safety Code § 11377(a).

We review de novo the legal question of whether Cabantac was convicted of a controlled substances offense. *Ruiz-Vidal*

*v. Gonzales*, 473 F.3d 1072, 1076 n.2 (9th Cir. 2007). We deny the petition.

The Notice to Appear alleges that Cabantac was subject to removal for possession of a controlled substance as defined in 21 U.S.C. § 802. *See* 8 U.S.C. § 1227(a)(2)(B)(i). We must decide whether the documents of conviction establish by clear and convincing evidence that Cabantac was convicted of possessing methamphetamine, or whether they show he pleaded guilty only to possession of a controlled substance generally. The difference is important because not all substances punishable under California Health & Safety Code § 11377(a) are defined in 21 U.S.C. § 802. Methamphetamine, however, is. *See* 21 U.S.C. §§ 802(6), 812(a)(3) sched. III.

The record contains three documents of conviction: the complaint, the plea colloquy and the abstract of judgment. The BIA, in affirming the order of removal, found the abstract of judgment sufficient to establish that Cabantac engaged in conduct that qualifies as a controlled substance offense. *See also Kwong v. Holder*, 671 F.3d 872, 879-80 (9th Cir. 2011). At the time the BIA reviewed his case, the abstract indicated that Cabantac pleaded guilty to "POSSESSION OF METHAMPHETAMINE."

Cabantac now contends that he never admitted to the type of drug in his possession, but instead pleaded guilty only to possession of a controlled substance in violation of California Health & Safety Code § 11377(a). Because this statute embraces some conduct that qualifies as a controlled substance offense and some conduct that does not, *see Ruiz-Vidal*, 473 F.3d at 1078, Cabantac asserts that the government has not shown by clear and convincing evidence that he's removable for having been convicted of a controlled substance offense. If Cabantac in fact pleaded only to the generalized offense, he should've asked the state court to amend the abstract of judgment at an earlier stage of the proceedings. *See United States v. Snellenberger*, 548 F.3d 699, 702 (9th

Cir. 2008) (en banc) ("A defendant can always check the case file and ensure that any materials placed there accurately reflect the proceedings; presumably, doing so is part of every criminal defense lawyer's professional obligation."). It was not until this court suggested it during oral argument that Cabantac made such a request to the state court. The amended abstract, issued by the state court in September 2011, shows he pleaded guilty to "POSSESSION OF A CONTROLLED SUBSTANCE."

**[1]** Cabantac at that point asked the BIA to reopen his case sua sponte in the interest of justice. The agency refused, finding his motion untimely by more than two years. The BIA reasoned that Cabantac had been represented by counsel throughout the proceedings and could've secured the amended abstract while his case stood before the immigration judge. Cabantac appealed the BIA's denial and moved to consolidate that case, No. 12-71459, with the instant appeal from the order of removal. We grant his motion to consolidate, and at the same time dismiss his appeal from the BIA's refusal to reopen his case sua sponte. This court does not have jurisdiction to review such a decision, which is a matter committed to agency discretion. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011); 8 C.F.R. § 1003.2(a).

**[2]** Cabantac also brings a motion to remand so that the BIA might consider the amended abstract, which we also deny. In refusing to reopen his case, the BIA noted that documents of conviction other than the abstract, including the plea colloquy and complaint, identify the drug in Cabantac's possession as methamphetamine. Although the agency previously found the abstract sufficient to sustain the removal order, this statement shows that the BIA considered the record as a whole in concluding that Cabantac is removable for having been convicted of possession of a controlled substance. Remand is unlikely to alter that conclusion and would serve only to create delay.

Finally, it bears emphasizing that the amended abstract does not necessarily establish that Cabantac pleaded guilty only to the general state offense. The document indicates that he pleaded to count one of the complaint, and that count in turn states that he possessed methamphetamine in violation of California Health & Safety Code § 11377(a).

**[3]** Cabantac questions whether we can consider the facts alleged in the complaint. We hold that where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count. We derive this rule from *Snellenberger*, in which the court read a minute order in tandem with a complaint to conclude that the defendant's conduct fit within the federal definition of a crime of violence. *See* 548 F.3d at 701-02. The minute order specified that the defendant pleaded guilty to a specific count of the complaint, and that count in turn described conduct amounting to a crime of violence. *See id.* at 701. We conclude, similarly, that the abstract of judgment and the complaint together establish that Cabantac pleaded guilty to possession of methamphetamine.

Cabantac cites to *Ruiz-Vidal*, in which we held the charging document and abstract insufficient to establish that the controlled substance underlying the conviction was methamphetamine. *See* 473 F.3d at 1079. That case, however, is distinguishable on its facts. The information in *Ruiz-Vidal* identified the drug at issue as methamphetamine, but the defendant did not plead guilty to either of the crimes charged in that document; he pleaded instead to violating California Health & Safety Code § 11377(a). *Id.* Because the record contained no plea agreement or colloquy that revealed the facts underlying the plea, the court concluded that "there is simply no way for us to connect the references to methamphetamine in the charging document with the conviction." *Id.* Similarly, in *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005), *withdrawing and amending* 393 F.3d 1018 (9th Cir.

2004), the defendant pleaded guilty to a different offense from the one charged in the information. Thus, the facts given in the information could not be used to establish that his conduct amounted to an aggravated felony.

In contrast to the defendants in *Ruiz-Vidal* and *Martinez-Perez*, Cabantac confirmed three times during his plea colloquy that he was pleading guilty to count one of the complaint. Count one specified that the substance Cabantac possessed was methamphetamine.

[4] Cabantac contends that his conviction cannot support the finding that he was convicted of a controlled substance offense because, under *People v. West*, 477 P.2d 409 (Cal. 1970), a guilty plea to an offense does not necessarily mean the defendant admitted all the facts alleged in the indictment. Where a defendant pleads guilty to a state offense that is broader than the generic federal crime as in *Ruiz-Vidal*, and not to a count in the indictment as Cabantac did here, Cabantac's argument makes sense. But here the record is clear that Cabantac pleaded guilty to possession of methamphetamine, a controlled substance offense that supports the order of removal.

**PETITION DENIED.**