**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTIAGO ROBLES-GAYTAN, | No. 10-71994 |
| Petitioner, | Agency No. A091-994-171 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2011[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and BEA, Circuit Judges.

Santiago Robles-Gaytan, a native and citizen of Mexico, petitions for review

of an order by the Board of Immigration Appeals ("BIA") summarily affirming an

order of removal by the Immigration Judge ("IJ").  The IJ found him removable for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

having been convicted of possession of a controlled substance, methamphetamine, for purposes of sale in violation of California Health & Safety Code § 11378. *See* 8 U.S.C. § 1227(a)(2)(B)(i); 21 U.S.C. § 802.

We review de novo the legal question whether Robles-Gaytan was convicted of possession of a controlled substance. *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

The minute order and information together show that Robles-Gaytan pleaded nolo contendere to possessing methamphetamine, a controlled substance covered by 21 U.S.C. § 802, for the following reasons. First, the minute order reflects that he pleaded nolo contendere to count one of the information, for violating California Health & Safety Code § 11378 and Penal Code § 1203.073(b)(2), the latter of which specifically addresses possession of methamphetamine. Second, count one of the information specifies that the drug involved was methamphetamine. Finally, the minute order shows that Robles-Gaytan stipulated to the factual basis for his plea.

Robles-Gaytan contends that because he pleaded nolo contendere instead of guilty, his conviction cannot be used to find him removable. But California Penal Code § 1016(3) provides, "The legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all

2

purposes." A plea of nolo contendere "is the functional equivalent of a guilty plea." *People v. Whitfield*, 46 Cal. App. 4th 947, 959 (1996); *see also United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (per curiam). Robles-Gaytan does not contest that the crime to which he pleaded nolo contendere is punishable as a felony.

Robles-Gaytan also contends that there is some confusion between California Penal Code § 1203.073(b)(1) and (b)(2), and that this confusion shows that the government has not established that Robles-Gaytan pleaded to a methamphetamine offense. The record is clear, however, that he did plead nolo contendere to such an offense.

As to all the other issues he raises, we deny the petition for the reasons stated in our opinion in *Cabantac v. Holder*, Nos. 09-71336 and 12-71459, issued today.

**PETITION DENIED.**