**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOLI C. YAGO,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 10-73362

Agency No. A044-455-456

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

    Noli C. Yago, a native and citizen of the Philippines, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252(a)(2)(D). We review de novo questions of law and claims of constitutional violations. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review.

The agency correctly determined that Yago's convictions under the California Health and Safety Code were controlled substance offenses for which he is removable under 8 U.S.C. § 1227(a)(2)(B)(i), where the complaint and judgment of conviction establish that Yago pleaded guilty to three counts involving methamphetamine. *See Cabantac v. Holder*, 693 F.3d 825, 827 (9th Cir. 2012) (where the conviction record specified that a defendant pleaded guilty to a particular count of the complaint, the court can consider the facts alleged in that count); *Young v. Holder*, 697 F.3d 976, 983 (9th Cir. 2012) (en banc) (noting documents court may consider in modified categorical analysis).

The agency also correctly determined that Yago is ineligible for cancellation of removal because his accrual of continuous residence terminated upon his commission of the controlled substance offenses. *See* 8 U.S.C. § 1229b(a), (d)(1) (requiring seven years of continuous residence, and deeming residence to end upon commission of an offense listed at 8 U.S.C. § 1227(a)(2)).

Because Yago failed to identify any error in his proceedings before the IJ, his due process claim is unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**