FILED

**NOT FOR PUBLICATION**

JUN 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH ANDERSON, | No. 09-70249 |
| Petitioner, | Agency No. A035-189-461 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued February 9, 2011; Submitted June 12, 2013
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and ZOUHARY, District
Judge.[**]

Joseph Cabilte Anderson ("Anderson"), a native and citizen of the

Philippines, petitions for review of a decision by the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jack Zouhary, District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

Appeals ("BIA") finding him removable and ineligible for cancellation of removal. We have jurisdiction under 28 U.S.C. § 1252, and we grant the petition for review.

The BIA did not err by concluding that Anderson is an alien subject to removal, rather than a United States citizen, because, as Anderson admitted to the district court upon limited remand, he is not biologically related to Harold Anderson, the United States citizen through whom he claims derivative citizenship. "The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *Runnet v. Shultz*, 901 F.2d 782, 783 (9th Cir. 1990).

In 1974, the year of Anderson's birth, 8 U.S.C. § 1401 deemed certain classes of persons "nationals and citizens of the United States at birth." As to individuals born out of wedlock and outside of the United States to "parents one of whom is an alien, and the other a citizen of the United States," they were deemed citizens only "if the paternity of such child [was] established . . . while such child [was] under the age of twenty-one years by legitimation." 8 U.S.C. § 1409(a) (1952). We have held that this version of § 1409 included an implied requirement of a blood relationship between the United States citizen parent and the child seeking derivative citizenship. *United States v. Marguet-Pillado*, 560 F.3d 1078, 1082-83 (9th Cir. 2009). We are bound by this precedent. *See United States v.*

2

*Easterday*, 564 F.3d 1004, 1010-11 (9th Cir. 2009).  Because it is undisputed that Harold Anderson was neither married to Anderson's mother at the time of Anderson's birth nor biologically related to him, the BIA correctly concluded that Anderson is not entitled to derivative citizenship.

The BIA erred, however, when it concluded that Anderson's conviction for a state drug offense rendered him removable.  In 2003, Anderson pleaded guilty in state court to selling or transporting dangerous drugs, in violation of Ariz. Rev. Stat. § 13-3407.  On the basis of this conviction, the BIA concluded that Anderson was removable under 8 U.S.C. § 1227 (a)(2)(B)(i) for committing a controlled substance offense.  Because Arizona's definition of "dangerous drugs" includes substances not covered by the federal definition of "controlled substances," we apply the modified categorical approach to determine whether Anderson's conviction necessarily rested on facts sufficient to establish that he committed an "aggravated felony."  *See Young v. Holder*, 697 F.3d 976, 983 (9th Cir. 2012); *compare* Ariz. Rev. Stat. § 13-3401(6) *with* 21 U.S.C. § 802 (2009).  Here, the plea agreement fails to identify the drugs involved in Anderson's offense. Because the plea agreement explicitly "amend[s] the complaint or information, to charge the offense to which the Defendant pleads," we cannot look to the state indictment to identify the factual underpinnings of Anderson's plea.  *See, e.g.*, *United States v.*

3

*Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (holding that for written plea and waiver of rights form to establish that defendant pleaded guilty to the facts listed in a charging document, the form must specify that defendant pleaded guilty "as charged" in the charging document). That Anderson pled guilty to the charges as amended in the plea agreement is underscored by the agreement's provision that if it were withdrawn or rejected by the court, the "original charges" would be "automatically reinstated." Nor was there any plea colloquy, minute entry, abstract of judgment, or other document which tied Anderson's guilty plea to the facts alleged in the original complaint.[1] *See Young v. Holder*, 697 F.3d 976, 983 (9th Cir. 2012) (en banc) (noting that in applying the modified categorical approach, "we may review only the charging instrument, transcript of the plea colloquy, plea agreement, and comparable judicial record of this information"); *cf. Cabantac v. Holder*, 693 F.3d 825, 827 (9th Cir. 2012) (considering the facts alleged in a criminal complaint where the abstract of judgment referenced the complaint, the defendant confirmed during the plea colloquy that he was pleading guilty to a

---

[1]The pre-sentence report cannot tie Anderson's conviction to specific facts because it fails to prove "what [the defendant] actually admitted in [the] plea." *See United States v. Franklin*, 235 F.3d 1165, 1172 (9th Cir. 2000) (en banc).

4

count "in the complaint," and the plea agreement did not amend the complaint).[2]

We have "explicitly rejected the argument that we may look to conduct that an alien 'committed' to determine the acts he has been 'convicted of.'" *Olivas-Motta v. Holder*, No. 10–72459, 2013 WL 2128318, at *5 (9th Cir. May 17, 2013) (citing *Tokatly v. Ashcroft*, 371 F.3d 613 (9th Cir. 2004)). On this record, we conclude that the government has failed to demonstrate by clear and convincing evidence that Anderson was convicted of a removable offense.

Because Anderson's record of conviction does not establish that he was convicted of a crime involving a "controlled substance" within the meaning of the federal immigration statute, the BIA also erred by finding Anderson removable on the basis that his state drug offense constituted an aggravated felony. The BIA determined that Anderson was convicted of "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B); *see also* 21 U.S.C. § 802. However, only trafficking offenses that involve "controlled substances" as defined by federal law

---

[2]In *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), the Supreme Court applied the categorical approach and held that possession of marijuana with intent to distribute is not categorically an aggravated felony. The dissent relies on the Court's brief summary of the modified categorical approach, where the Court simply reiterated that we must look to the "guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis *for the plea*." *Id.* at 1684 (quotation marks and citation omitted) (emphasis added). *Montcrieffe* does not undermine our conclusion that the record here simply does not establish particular facts to which Anderson pled guilty.

5

are aggravated felonies for immigration purposes. 8 U.S.C. § 1101(a)(43)(B). Because the record is inconclusive as to whether Anderson's offense involved a federally-controlled substance, he is not removable for committing an aggravated felony.

Nor is Anderson removable on the basis of his firearms offense. We may address this issue in the first instance because "the record on remand would consist only of those documents already in the record," and the application of the modified categorical approach does not involve an issue on which "the agency can bring its expertise to bear . . . ." *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1080 (9th Cir. 2007) (citation omitted). Anderson pleaded guilty to using or possessing a deadly weapon during the commission of a felony, in violation of Ariz. Rev. Stat. § 13-3102(A)(8). Based on this conviction, the BIA alleged in its notice to appear that Anderson is removable under 8 U.S.C. § 1227(a)(2)(C) for committing a firearm offense. Arizona defines "deadly weapon" to include "anything that is designed for lethal use . . . includ[ing] a firearm." Ariz. Rev. Stat. § 13-3101(A)(1). Because the state statute of conviction includes conduct not covered by the federal offense, which covers only misconduct involving firearms, we again apply the modified categorical approach. The plea agreement does not specify whether

6

Anderson used a firearm. The government has thus not met its burden to demonstrate that Anderson is removable for committing a firearm offense.

**THE PETITION FOR REVIEW IS GRANTED.**

*Anderson v. Holder*, No. 09-70249

ZOUHARY, District Judge, dissenting:

The record -- specifically the Indictment, the Court Information Sheet, Plea Agreement, and Change of Plea -- is sufficient to support the decision by the Board of Immigration Appeals (BIA). The relevant facts surrounding the drug plea in this case are in line with *United States v. Valdavinos-Torres*, 704 F.3d 679 (9th Cir. 2012). Any differences do not create a distinction.

In *Valdavinos-Torres*, defendant pled guilty to count 2, possession of methamphetamine, as charged in the complaint. The written change of plea did not identify a particular drug, but count 2 did. *Id.* at 688. "[C]ourts may consider the facts alleged in a specific count of a complaint where an abstract of judgment or even a minute entry specifies that a defendant pled guilty to that particular count." *Id.* at 687 (citing *Cabantac v. Holder*, 693 F.3d 825, 826–27 (9th Cir. 2012)). *Valdavinos-Torres* found that the change of plea and indictment, when read together, demonstrate defendant pled guilty to possession of methamphetamine.

The Supreme Court recently affirmed this modified categorical approach in *Moncrieffe v. Holder*, ____ U.S. ____, 133 S.Ct. 1678, 1684 (Apr. 23, 2013) when it held:

> [O]ur cases have addressed state statutes that contain several different crimes, each described separately, and we have held that a court may determine which particular offense the noncitizen was convicted of by

> examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or "some comparable judicial record of the factual basis for the plea."

*Id.* (quoting *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009)). This language is described by the majority as a "brief summary" where the Court "simply reiterated" the state of the law. However "brief" or "simple," the Court confirmed that reliance on these record documents is appropriate.

Here, the five-count Indictment charged Anderson in Count 1 with sale or transportation of methamphetamine. Anderson entered into a Plea Agreement in which he pled guilty to two counts, including:

> **COUNT 1: SALE OR TRANSPORTATION OF DANGEROUS DRUGS, A CLASS 2 FELONY**, in violation of A.R.S. §§ **13-3401, 13-3407, 13-3418, 13-610, 13-701, 13-702, 13-702.01 and 13-801** committed on **MAY 21, 2002**.

The Plea Agreement contains a standard general provision stating:

> This agreement serves to amend the complaint or information, to charge the offense to which the Defendant pleads, without the filing of any additional pleading.

The majority relies on this boilerplate language (which does *not* mention the Indictment) to wrongly erase all details contained in Count 1 of the Indictment to which, undisputably, Anderson pled guilty. If Anderson did not plead guilty to those details, as the majority concludes, to what crime *was* he pleading guilty?

2

While the Plea Agreement does not reference methamphetamine, it did *not* replace the allegations in the Indictment which do reference methamphetamine. And there was *no* superceding or amended Indictment, meaning the original Indictment and Plea Agreement must be read together. The Plea Agreement dismissed (¶ 4) three of the five charges (Counts 2–4) in the Indictment, but left intact the remaining charges (Counts 1 & 5). It did *not* amend Count 1 to which Anderson pled guilty, a qualifying conviction under the modified categorical approach.

Reading the Indictment and Plea Agreement together, as we must, can only mean that Anderson was convicted of the sale of methamphetamine, an aggravated felony, making him ineligible for cancellation of removal. This case is therefore not distinguishable from *Valdavinos-Torres*. The majority holding downplays the practical realties of criminal procedure and runs counter to the recent holding in *Cabantac*.

I would affirm the BIA's decision and deny Anderson's Petition for Review.