ZOUHARY, District Judge,
dissenting:
The record — specifically the Indictment, the Court Information Sheet, Plea Agreement, and Change of Plea — is sufficient to support the decision by the Board of Immigration Appeals (BIA). The relevant facts surrounding the drug plea in this case are in line with United States v. Val-davinos-Torres, 704 F.3d 679 (9th Cir. 2012). Any differences do not create a distinction.
In Valdavinos-Torres, defendant pled guilty to count 2, possession of methamphetamine, as charged in the complaint. The written change of plea did not identify a particular drug, but count 2 did. Id. at 688. “[C]ourts may consider the facts alleged in a specific count of a complaint where an abstract of judgment or even a minute entry specifies that a defendant pled guilty to that particular count.” Id. at 687 (citing Cabantac v. Holder, 693 F.3d 825, 826-27 (9th Cir.2012)). Valdavinos-Torres found that the change of plea and indictment, when read together, demonstrate defendant pled guilty to possession of methamphetamine.
The Supreme Court recently affirmed this modified categorical approach in Mon-crieffe v. Holder, — U.S.-, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) when it held:
[0]ur cases have addressed state statutes that contain several different crimes, each described separately, and we have held that a court may determine which particular offense the noncit-izen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or “some comparable judicial record of the factual basis for the plea.”
Id. (quoting Nijhawan v. Holder, 557 U.S. 29, 35, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009)). This language is described by the majority as a “brief summary” where the Court “simply reiterated” the state of the law. However “brief’ or “simple,” the Court confirmed that reliance on these record documents is appropriate.
Here, the five-count Indictment charged Anderson in Count 1 with sale or transportation of methamphetamine. Anderson entered into a Plea Agreement in which he pled guilty to two counts, including:
*606 COUNT 1: SALE OR TRANSPORTATION OF DANGEROUS DRUGS, A CLASS 2 FELONY, in violation of A.R. S. §§ 13-3401,13-3407,13-3418,13-610, 13-701, 13-702, 13-702.01 and 13-801 committed on MAY 21, 2002.
The Plea Agreement contains a standard general provision stating:
This agreement serves to amend the complaint or information, to charge the offense to which the Defendant pleads, without the filing of any additional pleading.
The majority relies on this boilerplate language (which does not mention the Indictment) to wrongly erase all details contained in Count 1 of the Indictment to which, undisputably, Anderson pled guilty. If Anderson did not plead guilty to those details, as the majority concludes, to what crime was he pleading guilty?
While the Plea Agreement does not reference methamphetamine, it did not replace the allegations in the Indictment which do reference methamphetamine. And there was no superceding or amended Indictment, meaning the original Indictment and Plea Agreement must be read together. The Plea Agreement dismissed (¶ 4) three of the five charges (Counts 2-4) in the Indictment, but left intact the remaining charges (Counts 1 & 5). It did not amend Count 1 to which Anderson pled guilty, a qualifying conviction under the modified categorical approach.
Reading the Indictment and Plea Agreement together, as we must, can only mean that Anderson was convicted of the sale of methamphetamine, an aggravated felony, making him ineligible for cancellation of removal. This case is therefore not distinguishable from Valdavinos-Toms. The majority holding downplays the practical realties of criminal procedure and runs counter to the recent holding in Cabantac.
I would affirm the BIA’s decision and deny Anderson’s Petition for Review.