**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARION SCHOLZ, | No. 09-70631 |
| Petitioner, | Agency No. A017 195 852 |
| v. | |
| ERIC H. HOLDER, JR.,<br>United States Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2013
San Francisco, California

Before: BEA and CLIFTON, Circuit Judges, and KORMAN, Judge.[**]

Petitioner Marion Scholz petitions for review of the Board of Immigration

Appeals' final order affirming the Immigration Judge's decision to deny her

motion to terminate removal proceedings. As a result of Scholz's conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Judge for the U.S. District Court
for the Eastern District of New York, sitting by designation.

misdemeanor possession of methamphetamine in violation of California Health and Safety Code § 11377(a), the Department of Homeland Security issued a Notice to Appear and charged Scholz with being removable under Section 237(a)(2)(B)(i) of the Immigration Naturalization Act. 8 U.S.C. § 1227(a)(2)(B)(i). She argues that the evidence introduced by the government – a criminal complaint and court docket sheet – was inadmissible and insufficient to establish removability. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition for review.

In *United States v. Snellenberger*, this court held that a California court clerk's minute order was as equally reliable as the documents listed in *Shepard v. United States,* 544 U.S. 13 (2005), and thus could be used to prove the "nature" of a conviction in applying the modified categorical approach. 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976 (9th Cir. 2012).

This case involved a court docket sheet, and California Penal Code § 1428 states that a clerk may keep a docket sheet in lieu of a minute order "[i]n misdemeanor and infraction cases" and that "an entry . . . in the docket . . . shall be deemed a sufficient entry in the minutes or register of action for all purposes." Cal. Penal Code § 1428. Because docket sheets may be kept instead of minute orders for misdemeanor cases pursuant to California state law, they qualify as a

document of equal reliability under *Snellenberger* and can be used to prove the "nature" of a conviction in applying the modified categorical approach.

Though the docket sheet notes only that Scholz pleaded nolo contendere to Count One of the complaint without listing additional facts, Count One of the complaint specifies that Scholz was charged with possession of methamphetamine. *Cabantac v. Holder* held that if an abstract of judgment or minute order "specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."  693 F.3d 825, 827 (9th Cir. 2012).  This court can consider the facts alleged in the complaint because, as in *Cabantac*, the docket sheet states that Scholz pleaded guilty to Count One in the complaint, which specifies possession of methamphetamine.

Thus, the BIA properly considered the docket as admissible evidence, which established by clear and convincing evidence that Scholz pleaded guilty to possession of methamphetamine.

**PETITION DENIED**.