**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT STEVEN KANG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>Respondent. | No. 12-70676<br><br>Agency No. A035-375-789<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2013[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Petitioner Robert Steven Kang petitions for review from the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from the immigration

judge's entry of a final order of removal. Reviewing de novo the BIA's legal

determinations, including whether Petitioner's conviction is a removable offense,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Cabantac v. Holder, 693 F.3d 825, 826 (9th Cir. 2012) (per curiam), we deny the petition.

1. The BIA correctly held that, under the modified categorical approach, Petitioner's conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(E). The abstract of judgment states that Petitioner pleaded guilty to count 8 of the criminal complaint, and the criminal complaint alleged, in count 8, that Petitioner did "commit the crime of POSSESSION OF FIREARM BY A FELON" and that he was "previously convicted" of a specified felony. See Cabantac, 693 F.3d at 827 ("We hold that where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count.").

2. The BIA correctly applied the long-standing legal rule that the pendency of a collateral attack on an alien's conviction has no effect on immigration proceedings. E.g., Grageda v. INS, 12 F.3d 919, 921 (9th Cir. 1993). Nothing in the Supreme Court's decision Padilla v. Kentucky, 559 U.S. 356 (2010), is "clearly irreconcilable" with that rule. Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

**Petition DENIED.**