**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50382 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00056-RGK-1 |
| v. | |
| GUILLERMO ELOY ALAMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 12, 2014[**]
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

Guillermo E. Alamos was convicted of illegal reentry, 8 U.S.C. § 1826, and

challenges the district court's application of a 16-level sentencing enhancement

based on a prior drug trafficking conviction, as well as the substantive

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

reasonableness of his sentence. Reviewing the district court's analysis of the prior drug conviction de novo, *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010), and the substantive reasonableness of its sentencing decision for abuse of discretion, *United States v. Vasquez-Perez*, 742 F.3d 896, 901 (9th Cir. 2014), we affirm.

1.      Alamos first argues that California Health & Safety Code § 11351 is "indivisible" under *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). However, we recently held that the modified categorical analysis applies to a statute that, like § 11351, sets forth potential offense elements in the alternative. *Coronado v. Holder*, No. 11-72121, --- F.3d ----, 2014 WL 3537027, at *4–5 (9th Cir. July 18, 2014) (analyzing California Health & Safety Code § 11377). Alamos concedes that *Coronado*, if correctly decided, forecloses his argument. We agree and *Coronado* is now binding precedent.

2.      In applying modified categorical analysis, we may examine the charging document, the terms of the plea agreement, the transcript of the plea colloquy, and other records of comparable reliability. *United States v. Lee*, 704 F.3d 785, 788–89 (9th Cir. 2012). Here, count two of the charging document alleged Alamos violated § 11351 by "possess[ing] for sale and purchas[ing] for sale a controlled substance, to wit COCAINE." The abstract of judgment indicates

2

that Alamos pled guilty to count two. We have held that where "the abstract of judgment . . . specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count." *Cabantac v. Holder*, 693 F.3d 825, 827 (9th Cir. 2012) (per curiam), *amended and reh'g denied* 736 F.3d 787 (9th Cir. 2013). Application of *Cantabac* here compels the conclusion that Alamos was convicted of a "drug trafficking offense," for purposes of the CSA and U.S.S.G. § 2L1.2(b)(1)(A). In sum, the district court did not err by applying the disputed enhancement.

3. Alamos was sentenced to 60 months, 17 months below the district court's Guidelines calculation of 77 to 96 months. He relies on *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), as well as his familial ties and cultural assimilation, to argue that his sentence was substantively unreasonable. In *Amezcua-Vasquez*, defendant was sentenced to 52 months for illegal reentry nearly fifty years after obtaining legal permanent residency and over twenty years after completing a sentence for assault that was stale for sentencing purposes. *Id.* at 1052. In this case, less than 15 years passed between Alamos' deportation, and his arrest for illegal reentry. In the meantime, however, he has had repeated brushes with the law for parole violations, additional state offenses, and a prior illegal

reentry. Under the circumstances, the sentence imposed by the district court was not substantively unreasonable.

**AFFIRMED.**