**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDDY ORTIZ,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 14-70443

Agency No. A205-312-857

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Eddy Ortiz, a native and citizen of Guatemala, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") denial of his

applications for cancellation of removal and voluntary departure. Our jurisdiction

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007), and review de novo questions of law and constitutional claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err in determining Ortiz failed to demonstrate eligibility for cancellation of removal under 8 U.S.C. § 1229b. *See* 8 C.F.R. § 1240.8(d) (alien bears the burden of establishing eligibility for relief from removal); *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (per curiam) ("A plea of nolo contendere 'is the functional equivalent of a guilty plea.'"); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006) (A prima facie case is established "where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." (internal quotation marks and citations omitted)).

To the extent Ortiz contends the BIA failed to consider whether he received ineffective assistance of counsel in his removal proceedings, this is unsupported by the record. The BIA did not err in concluding that Ortiz did not provide a factual basis for his ineffective assistance claim or demonstrate prejudice. *See Mohammed v. Gonzales*, 400 F.3d at 793 (ineffective assistance of counsel claims require deficient conduct and prejudice).

To the extent Ortiz seeks to challenge his state court criminal proceedings or assert ineffective assistance in those proceedings, the validity of his convictions is not properly before us. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

Accordingly, Ortiz's claim that he was denied a full and fair hearing before the IJ fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**