**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee*,

      v.

JASON LEE,
      *Defendant-Appellant*.

No. 10-10403

D.C. No.
3:09-cr-00193-VRW-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted
February 13, 2012—San Francisco, California

Filed December 28, 2012

Before:  Sidney R. Thomas, Raymond C. Fisher,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Fisher

**SUMMARY***

**Criminal Law**

The panel vacated a sentence and remanded in a case in which the district court sentenced the defendant as a career offender under U.S.S.G. § 4B1.1 after concluding that his two prior convictions under California Health & Safety Code § 11352(a) qualified as controlled substance offenses.

Applying the modified categorical approach, the panel held that the record is inconclusive as to whether the defendant's San Francisco § 11352(a) conviction was a controlled substance offense, where one of the theories charged in the conjunctively-phrased charging document – transportation of cocaine – would not qualify.

Regarding the defendant's Alameda County § 11352(a) conviction, the panel held that neither the sentencing court's failure to state on the record special findings regarding probation eligibility, nor an abstract of judgment reciting the name of the violated statute, undermines the proof of the defendant's conviction for selling or offering to sell cocaine base, where the indictment explicitly charged the defendant with "sell[ing] or offer[ing] to sell" cocaine base, and the minute order from the change of plea hearing states that the defendant pled guilty to the violation of § 11352(a) "as charged in the indictment."

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel remanded for the district court to consider whether the defendant's convictions under California Penal Code §§ 69 and 243.1 constitute predicate offenses that, in conjunction with his Alameda County conviction, would qualify him as a career offender.

## COUNSEL

Ethan A. Balogh (argued), Coleman & Balogh LLP, San Francisco, California; and Benjamin L. Coleman, Coleman & Balogh LLP, San Diego, California, for Defendant-Appellant.

Melinda Haag, United States Attorney; Barbara J. Valliere, Chief, Appellate Division, Assistant United States Attorney; Andrew P. Caputo and Laurie Kloster Gray (argued), Assistant United States Attorneys, San Francisco, California, for Plaintiff-Appellee.

## OPINION

FISHER, Circuit Judge:

We consider whether the district court erred by sentencing Jason Lee as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 based on his two prior convictions under California Health and Safety Code § 11352(a). We hold that the government has not satisfied its burden of showing that one of these two convictions qualifies as a predicate offense and remand for the district court to reconsider Lee's career offender status.

## I.

Jason Lee was convicted of distributing crack cocaine in violation of 21 U.S.C. § 841.  The district court sentenced Lee as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 after concluding that his two prior convictions under California Health & Safety Code § 11352(a) qualified as controlled substance offenses.  The guidelines recommended 262 to 327 months' imprisonment.  After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Lee to 180 months.

Lee timely appeals, arguing that the district court erred when it classified him as a career offender.

## II.

We review de novo a district court's interpretation of the guidelines and its determination that a defendant qualifies as a career offender under § 4B1.1.  *See United States v. Mitchell*, 624 F.3d 1023, 1026 (9th Cir. 2010).

## III.

A defendant is a career offender if:

> (1) the defendant was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a). Lee contests only the third requirement.

To determine whether a defendant's prior conviction qualifies as a predicate offense, we apply the "categorical approach" and "modified categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach, we "look only to the statute of conviction." *United States v. Crawford*, 520 F.3d 1072, 1078 (9th Cir. 2008) (citation omitted). We "compare the elements of the statutory definition of the crime of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 425 (9th Cir. 2011) (citation and internal quotation marks omitted). "[E]ven the least egregious conduct the statute [of conviction] covers must qualify." *Id.* (alterations in original) (citation and internal quotation marks omitted).

If the statute is facially over-inclusive, we employ the modified categorical approach. *See Crawford*, 520 F.3d at 1078. Under this approach, the prior conviction qualifies as a career offender predicate offense only "if 'documentation or judicially noticeable facts . . . clearly establish that the conviction is a predicate conviction for enhancement purposes.'" *Id.* (alteration in original) (quoting *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc)). When, as here, the prior conviction was based on a guilty plea, our review is limited to the charging document, plea agreement, transcript of the plea colloquy and comparable judicial records. *See id.* "The government has the burden to establish clearly and unequivocally that the conviction was based on all of the elements of a qualifying predicate offense." *Id.* (quoting *United States v. Kovac*,

367 F.3d 1116, 1119 (9th Cir. 2004)) (internal quotation marks omitted).

We apply the categorical and modified categorical approaches to Lee's § 11352(a) convictions in turn.

## A.  Categorical Approach

In 1998, Lee twice pled guilty to violating California Health & Safety Code § 11352(a) – one violation occurred in San Francisco, and the other in Alameda County.  At the time of his convictions, § 11352(a) provided that "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [certain substances specified in the California Uniform Controlled Substances Act] shall be punished by imprisonment in the state prison for three, four, or five years."  Cal. Health & Safety Code § 11352(a) (1998).

The U.S. Sentencing Guidelines define "controlled substance offense" as an offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2.

The government concedes that § 11352(a) encompasses a broader range of conduct than the guidelines definition because § 11352(a), for instance, criminalizes the transportation of a controlled substance, which would not be

a controlled substance offense.  The government thus agrees that Lee's convictions under § 11352(a) are not categorically controlled substance offenses.  *See Crawford*, 520 F.3d at 1078 (also noting the government's concession that § 11352(a) "is too broad to qualify under the categorical approach because [it] covers such a wide range of possible behavior").

## B.  Modified Categorical Approach

The government argues that Lee's two § 11352(a) convictions nonetheless qualify as controlled substance offenses under the modified categorical approach.

### i.  San Francisco Conviction

The government has proffered the following records to establish that Lee's San Francisco conviction was a controlled substance offense:

- An information, count one of which charges that Lee "did wilfully and unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE Schedule I."

- Minute orders from Lee's change of plea and sentencing hearings that indicate Lee pled guilty to count one.

The government's sole argument is that Lee's plea to the conjunctively phrased charging document establishes that he pled guilty to all of the conduct charged. Thus, Lee pled guilty to selling a controlled substance, which would qualify as a controlled substance offense. We recently rejected this argument in *Young v. Holder*, 697 F.3d 976 (9th Cir. 2012) (en banc). Considering a defendant's plea to a count that also recited § 11352(a) in the conjunctive, we held: "when either 'A' or 'B' could support a conviction, a defendant who pleads guilty to a charging document alleging 'A and B' admits only 'A' or 'B.' Thus, when the record of conviction consists only of a charging document that includes several theories of the crime, at least one of which would *not* qualify as a predicate conviction, then the record is inconclusive under the modified categorical approach." *Id.* at 988. Here, as in *Young*, at least one of the theories charged – for instance, that Lee transported cocaine – would not qualify as a predicate offense. The record is thus inconclusive as to whether Lee's San Francisco § 11352(a) conviction was a controlled substance offense, falling short of the government's burden to establish the predicate offense clearly and unequivocally.[1]

---

[1] *Young* concerned eligibility for cancellation of removal in the immigration context, where the burden is on the noncitizen to show that his conviction was not for an aggravated felony. *See Young*, 697 F.3d at 988–90. The en banc court held that an inconclusive record of conviction did not satisfy the noncitizen's burden. *See id.* In the criminal context, however, the burden is on the government to establish that a prior conviction is a qualifying predicate offense, *see Crawford*, 520 F.3d at 1078, so an inconclusive record will not satisfy the government's burden.

### ii.  Alameda County Conviction

The government relies on the following documents to show that Lee's Alameda County conviction under § 11352(a) was a controlled substance offense:

- An indictment charging that Lee "did then and there sell and offer to sell a controlled substance, to wit: cocaine base."

- A court document, which appears to have followed Lee's change of plea hearing, stating that Lee pled guilty to violating § 11352(a) "as charged in the Indictment."

- A minute order, also stating that Lee pled guilty to violating § 11352(a) "as charged in the Indictment" and imposing a sentence that was suspended for a three-year probationary period.

These documents on their face establish that Lee pled guilty to selling or offering to sell cocaine base – conduct that falls squarely within the definition of controlled substance offense.[2]  Lee acknowledges that this evidence would

---

[2] Lee argues that "offer[ing] to sell" should not be considered a controlled substance offense because it describes merely a solicitation offense, citing *United States v. Dolt*, 27 F.3d 235, 240 (6th Cir. 1994) (holding that a solicitation conviction does not qualify as a controlled substance offense under the career offender guidelines), and *United States v. Liranzo*, 944 F.2d 73, 79 (2d Cir. 1991) (holding that a defendant's conviction for criminal facilitation does not qualify as a controlled substance offense).  Under the law of this circuit, however, solicitation qualifies as a controlled substance offense.  *See United States v. Shumate*, 329 F.3d 1026, 1031–32 (9th Cir. 2003).  As a three-judge panel, we are

ordinarily be sufficient to establish that a defendant pled guilty to selling or offering to sell cocaine base. *See United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (per curiam) (holding that a minute order can be relied upon to prove that the defendant pled guilty to a particular count in a charging document), *overruled on other grounds by Young*, 697 F.3d at 979, 986–88. He argues, however, that the court records here are internally inconsistent as to whether he pled to a sales offense or a transportation offense, and thus do not prove with sufficient certainty that he was convicted of a qualifying offense.

In particular, Lee focuses on the minute order that shows he received only three years' probation for his conviction. California law provides that "probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, . . . [a]ny person who is convicted of violating Section 11352 of the Health and Safety Code by selling or offering to sell cocaine base." Cal. Penal Code § 1203.073(b)(7). A person convicted of selling or offering to sell cocaine base

> may be granted probation only in an unusual case where the interests of justice would best be served. *When probation is granted in such a case, the court shall specify on the record and shall enter in the minutes the circumstances indicating that the interests of justice would best be served by such a disposition.*

---

bound by this precedent.

*Id.* § 1203.073(a) (emphasis added).**[3]**  Under this statute, if Lee had been convicted of selling or offering to sell cocaine base, he would have been ineligible for probation unless the sentencing court made the requisite specific findings on the record and entered them in the minutes.  Although the records make clear that Lee received probation, none of them indicates that the sentencing court made any such specific findings.

Lee argues that the absence of special findings creates an ambiguity regarding the crime to which he pled.  According to Lee, there are two possibilities: he might have pled to a sales offense, in which case the sentencing court committed procedural error by sentencing him to probation without making the necessary findings on the record; or he might have *actually* pled to something else, such as a transportation offense, for which he would have been eligible for probation without special findings.  *See People v. Bartlett*, 276 Cal. Rptr. 460, 465 (Ct. App. 1990) (holding that § 1203.073(b)(1)'s restriction on probation for selling cocaine does not apply to transportation offenses).

Lee's attempt to manufacture an ambiguity is not convincing.  The indictment explicitly charged Lee with "sell[ing] or offer[ing] to sell" cocaine base, not transporting cocaine.  The minute order from Lee's change of plea hearing states that Lee pled guilty to the violation of § 11352(a) "as charged in the indictment."  The phrase "as charged" is "critical," *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc), because it means that the factual allegations stated in the indictment are incorporated into

---

**[3]** These provisions of § 1203.073 were the same in 1998, when Lee received his probation.

Lee's guilty plea. Although the sentencing court granted Lee probation without making special findings on the record, it was more likely a procedural oversight during sentencing rather than the result of Lee having pled to something different from what was "charged in the indictment."

Lee also cites to an abstract of judgment as creating doubt about the crime of conviction. The abstract of judgment is a court form that records the judgment of conviction, with boxes for the code, section number and crime of conviction. Although this form lists the crime as "TRANSPORT OR SELL NARCOTIC CONTROLLED SUBSTANCE," the format of the form suggests this phrasing is simply a recitation of the name of the violated statute, not an attempt to describe the conduct to which Lee particularly pled. It does not create ambiguity concerning the conduct to which Lee pled, particularly in the face of the indictment and the change of plea minute order.

In sum, neither the sentencing court's failure to state special findings on the record nor the abstract of judgment undermines the proof of Lee's conviction for selling or offering to sell cocaine base. Accordingly, the Alameda County conviction for violation of California Health and Safety Code § 11352(a) qualifies as a predicate controlled substance offense.

**IV.**

We reject Lee's remaining argument that the district court abused its discretion by refusing to provide a jury instruction on entrapment. The district court found that Lee presented no evidence of inducement or lack of predisposition. Lee did not introduce any evidence that the government pressured him to

sell cocaine or that he was reluctant to engage in the crime. Thus, the court's finding was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

## V.

Because Lee's San Francisco conviction does not qualify as a predicate offense, we vacate Lee's sentence and remand for resentencing.  On remand, the district court should consider whether Lee's convictions under California Penal Code §§ 69 and 243.1 constitute predicate offenses that, in conjunction with Lee's Alameda County conviction, would qualify Lee as a career offender.

**SENTENCE VACATED and REMANDED.**