**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50549 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03083-AJB-1 |
| v. | |
| LORENZO GALINDO-VEGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted June 3, 2013
Pasadena, California

Before: KOZINSKI, Chief Judge, and GOULD and N.R. SMITH, Circuit Judges.

The information, abstract of judgment, and minute entry together

demonstrate that Galindo-Vega previously pleaded guilty to possession for sale of

heroin in violation of California Health & Safety Code § 11351. Heroin is a

controlled substance under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*See* 21 U.S.C. § 812. Thus, applying the modified categorical approach, Galindo-Vega's prior conviction qualifies as a "drug trafficking offense" for the purposes of U.S. Sentencing Guidelines Manual § 2L1.2. *United States v. Leal-Vega*, 680 F.3d 1160, 1162, 1167-69 (9th Cir. 2012); *see also United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976 (9th Cir. 2012) (en banc).

Galindo-Vega argues (relying on *Young*) that the nature of the drug he possessed is not a necessary element of his prior crime and, therefore, was not admitted in his plea. We disagree. *Young* instead addressed the scope of a plea's factual admissions only where the charging document is conjunctively phrased. *See* 697 F.3d at 986-87. Unlike the charging document in *Young*, Galindo-Vega's information was not conjunctively phrased. The information stated that Galindo-Vega "did unlawfully possess for sale and purchase for sale a controlled substance, to wit, heroin." Accordingly, Galindo-Vega's information is very similar to the charging document in *Leal-Vega*, which charged the defendant with possession of "a controlled substance, to wit, TAR HEROIN." 680 F.3d at 1162. As in *Leal-Vega*, we conclude that the abstract and minute entry made clear that Galindo-Vega pleaded guilty to possession of heroin, *see United States v. Lee*, 704 F.3d 785, 790-

91 (9th Cir. 2012); *Leal-Vega*, 680 F.3d at 1168, and Galindo-Vega's reliance on *Young* is misplaced.

Thus, because Galindo-Vega was previously convicted of a drug trafficking offense, and his sentence for that prior conviction exceeded thirteen months, the district court properly imposed the § 2L1.2 enhancement. *Leal-Vega*, 680 F.3d at 1163.

**AFFIRMED**.