**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> VICTOR DANIEL GARCIA, AKA Victor Juan Lopez, <br><br> Defendant - Appellant. | No. 14-50166 <br><br> D.C. No. 3:08-cr-04380-GT-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Argued and submitted April 6, 2015
Pasadena California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[**] District Judge.

Victor Garcia appeals the district court's revocation of supervised release

following a new conviction for misdemeanor illegal entry in violation of 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

§ 1325(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, reverse the revocation of supervised release, vacate, and remand.

Garcia argues that there was insufficient evidence to establish that he was found in the United States in violation of 8 U.S.C. § 1326(a). To prove that Garcia was found after deportation in violation of § 1326(a) and his supervised release conditions, the government had to prove by a preponderance of the evidence that he entered free from official restraint. *United States v. Muniz-Jaquez,* 718 F.3d 1180, 1182-83 (9th Cir. 2013); *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). Garcia argues, and the government does not dispute, that the district court erred when it considered the probable cause statement from the underlying § 1325(a) criminal complaint to decide official restraint. We agree. The district court improperly considered the document over the defense objections without considering whether the government could show good cause for not producing the witnesses. *United States v. Perez*, 526 F.3d 543, 548 (9th Cir. 2008).

Garcia's conviction under 8 U.S.C. § 1325(a) does not establish by a preponderance of the evidence that Garcia was free from official restraint. Garcia pleaded guilty to a criminal complaint charging him with violating 8 U.S.C. § 1325(a)(1) and (a)(2). But only an (a)(1) violation would establish Garcia was free from official restraint; an (a)(2) violation does not have the same element. *See*

2

*United States v. Oscar*, 496 F.2d 492, 493-94 (9th Cir. 1974). And Garcia's guilty to plea to an (a)(1) violation *and* an (a)(2) violation, in the conjunctive, establishes only that Garcia violated (a)(1) *or* (a)(2). *C.f. United States v. Lee*, 704 F.3d 785, 789 (9th Cir. 2012) (rejecting the government's argument that the defendant's "plea to the conjunctively phrased charging document establishes that he pled guilty to all of the conduct charged."); *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1082-83 (9th Cir. 2007) (holding that a guilty plea to a complaint charging conjunctively multiple violations of a statute does not establish the defendant was guilty under a specific sub-section of the statute). Without more evidence, the government could not establish by a preponderance of the evidence that Garcia was convicted under (a)(1).

There is insufficient evidence in the record to establish that Garcia was found in violation of 8 U.S.C. § 1326(a). We reverse the revocation of supervised release, vacate the sentence, and remand.

**REVERSED, VACATED, AND REMANDED**.