**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JASON LEE,
*Defendant-Appellant.*

No. 13-10517

D.C. No.
3:09-cr-00193-CRB-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted
September 11, 2014
Submission Vacated January 16, 2015
Resubmitted April 28, 2016
San Francisco, California

Filed May 6, 2016

Before: Carlos T. Bea, Sandra S. Ikuta,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz;
Dissent by Judge Ikuta

## SUMMARY[*]

### Criminal Law

Vacating a sentence and remanding for resentencing, the panel held that neither the defendant's conviction under Calif. Penal Code § 243.1 nor his conviction under Calif. Penal Code § 69 was for a "crime of violence" as defined by the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2).

The panel wrote that because neither of the convictions qualifies under the case law that predated *Johnson v. United States*, 135 S. Ct. 2551 (2015), it did not need to address whether, in light of *Johnson*, the residual clause in § 4B1.2(a)(2) is unconstitutionally vague.

Judge Ikuta dissented because the majority applies cases that the Supreme Court in *Johnson* has expressly overruled to decide the defendant's claim that his prior offenses do not qualify as crimes of violence under § 4B1.2.

### COUNSEL

Ethan A. Balogh (argued), Coleman & Balogh LLP, San Francisco, California, for Defendant-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Melinda Haag, United States Attorney, Barbara J. Valliere, Chief, Appellate Division, Laurie Kloster Gray (argued), Assistant United States Attorney, San Francisco, California, for Plaintiff-Appellee.

## OPINION

HURWITZ, Circuit Judge:

Jason Lee was convicted of distributing crack cocaine. He appeals only the resulting sentence. Because we find that the district court erred by imposing a career offender enhancement under § 4B1.1(a)(3) of the United States Sentencing Guidelines ("Guidelines"), we vacate the sentence and remand for resentencing.

## I.

Lee had two prior California drug convictions. In light of those convictions, after the jury found Lee guilty of distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), the district court applied the career offender enhancement of Guidelines § 4B1.1 in calculating the Guidelines range. Under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (amending 21 U.S.C. § 841), the court calculated the Guidelines range as 262 to 237 months, but sentenced Lee to 180 months in custody and ten years of supervised release.

On appeal, we held that only one of Lee's drug convictions qualified as a predicate "controlled substance offense" under the career offender enhancement. *United States v. Lee* (*Lee I*), 704 F.3d 785, 790–92 (9th Cir. 2012).

We vacated Lee's sentence, but because the drug convictions were not Lee's only prior convictions, we remanded for the district court to "consider whether Lee's convictions under California Penal Code §§ 69 and 243.1" were for "crimes of violence" under § 4B1.1(a)(3) of the Guidelines, and thus were "predicate offenses that, in conjunction with" the drug conviction, "would qualify Lee as a career offender." *Id.* at 792.

On remand, the district court found that each conviction was for a "crime of violence." Applying the career offender enhancement, the court calculated the Guidelines range as 360 months to life, but sentenced Lee to ten years in prison and ten years of supervised release. Lee timely appealed.

## II.

"All sentencing proceedings are to begin by determining the applicable Guidelines range." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). In calculating a sentence, the district court is required by § 1B1.1 of the Guidelines first to determine the base offense level, and then make appropriate upward or downward adjustments. At issue in this case is Part B of Chapter Four of the Guidelines, which requires enhancement of the offense level of a "career offender." Section 4B1.1(a) defines a "career offender" as a defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.2(a) in turn defines a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened

> use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The final clause in § 4B1.2(a), beginning with the words "or otherwise," is commonly referred to as the "residual clause." *See, e.g.*, *United States v. Crews*, 621 F.3d 849, 852 (9th Cir. 2010).

"We review de novo a district court's 'interpretation of the Sentencing Guidelines and its determination that a defendant qualifies as a career offender' under U.S.S.G. § 4B1.1." *United States v. Mitchell*, 624 F.3d 1023, 1026 (9th Cir. 2010) (quoting *United States v. Crawford*, 520 F.3d 1072, 1077 (9th Cir. 2008)). "A mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345–46 (2016).[1]

---

[1] After determining the applicable offense level, including any enhancements, and the defendant's criminal history category, the district court calculates the corresponding Guidelines sentencing range. U.S. Sentencing Guidelines Manual § 1B1.1(a)(7) (U.S. Sentencing Comm'n 2015). The court then considers the statutory factors in 18 U.S.C. § 3553(a), and exercises its discretion to determine an appropriate sentence, whether inside or outside the Guidelines range. *Carty*, 520 F.3d at 991–92.

## III.

Lee contends that he is not a "career offender" because he does not have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Because we have already held that Lee's 1998 Alameda County Superior Court conviction for violating California Health & Safety Code § 11352(a) "qualifies as a predicate controlled substance offense," *Lee I*, 704 F.3d at 792, the issue for decision is whether either of Lee's convictions under California Penal Code § 243.1 or § 69(a) are "crimes of violence" under Guidelines § 4B1.1(a). The government does not contend that either § 243.1 or § 69 is a controlled substance offense, "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), or corresponds to an enumerated crime in § 4B1.2(a)(2). The only question, then, is whether, under the residual clause, either crime "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

## A.

In interpreting the residual clause, our jurisprudence has been informed by cases interpreting an identical clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). *See United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013). We vacated submission in this case pending the Supreme Court's decision in *Johnson v. United States*, which found the ACCA residual clause unconstitutionally vague. 135 S. Ct. 2551 (2015). In light of a division among our sister circuits as to whether the residual clause in Guidelines § 4B1.2(a)(2) is also void for vagueness, we then requested supplemental briefing. *Compare Ramirez*

*v. United States*, 799 F.3d 845, 856 (7th Cir. 2015) (acting "on the assumption that the Supreme Court's reasoning applies to section 4B1.2 as well"); *United States v. Maldonado*, — F. App'x —, 2016 WL 229833, *3 & n.1 (2d Cir. Jan. 20, 2016) (holding the Guidelines clause void for vagueness and collecting cases) *with United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015) (rejecting a vagueness challenge to § 4B1.2(a)(2) of the Guidelines). Because we find that neither of Lee's convictions would qualify as a "crime of violence" under our pre-*Johnson* caselaw, we need not address this constitutional question.[2]

---

[2] Although the dissent argues that we should decide this constitutional issue and ultimately adopt a new test to determine whether Lee's convictions are "crimes of violence" in a post-*Johnson* world, it declines to adopt such a test, ultimately concluding that the offenses either may or may not be "crimes of violence," depending on which of two alternative approaches is taken. But the task before us is not theory, but decision. We must decide whether the residual clause enhancements were properly applied to Lee's sentence, not whether they could constitutionally apply to some future hypothetical defendant. We also note that the Sentencing Commission intends to remove the residual clause from § 4B1.2(a)(2), effective August 1, 2016. *See Amendment to the Sentencing Guidelines (Preliminary)*, United States Sentencing Comm'n (Jan. 8, 2016), http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160108_RF.pdf. Because the government has routinely conceded error in pending appeals involving the residual clause, there therefore is little reason to speculate about a test for application of the clause in future cases.

And, unlike our dissenting colleague, we fail to see how *Johnson* could have disadvantaged Lee. *Johnson* did not invalidate the use of the categorical approach. *See* 135 S. Ct. at 2562 ("declin[ing] the dissent's invitation" to "jettison for the residual clause . . . the categorical approach adopted in *Taylor*") (citing *Taylor v. United States*, 495 U.S. 575, 599–602 (1990). If Lee's convictions did not categorically constitute crimes of violence before *Johnson*, it is impossible to understand how that decision—which found a statute similar to the residual clause

California Penal Code § 243.1 provides:

> When a battery is committed against the
> person of a custodial officer as defined in
> Section 831 of the Penal Code, and the person
> committing the offense knows or reasonably
> should know that the victim is a custodial
> officer engaged in the performance of his or
> her duties, and the custodial officer is engaged
> in the performance of his or her duties, the
> offense shall be punished by imprisonment
> . . . .

Because § 243.1 is indivisible, we apply the pure
categorical approach in analyzing whether it qualifies as a
"crime of violence." *See United States v. Descamps*, 133 S.
Ct. 2276, 2281 (2013). In determining whether an offense

---

unconstitutionally vague—somehow transformed those crimes into ones
that justify application of the Guidelines enhancement.

We decline to decide whether *Johnson*'s reasoning extends to the
Sentencing Guidelines, because even if it does not, we are left with the
same result in this case: We must vacate and remand for resentencing
because Lee's crimes are not categorical crimes of violence. Bearing in
mind the "cardinal principle of judicial restraint" that "if it is not necessary
to decide more, it is necessary not to decide more," *PDK Labs., Inc. v.
DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part
and concurring in the judgment), we decline the dissent's invitation to
answer a constitutional question unnecessary to the disposition of this
case. Instead, we follow the guidance of the Supreme Court to avoid
deciding questions on constitutional grounds if the case is otherwise
determinable. *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 241 (2009)
(citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J.,
concurring) ("The Court will not pass upon a constitutional question
although properly presented by the record, if there is also present some
other ground upon which the case may be disposed of.")).

categorically qualifies as a crime of violence under the residual clause, "we generally examine two criteria." *United States v. Park*, 649 F.3d 1175, 1177 (9th Cir. 2011). "First, the conduct encompassed by the elements of the offense, in the ordinary case, must present a serious potential risk of physical injury to another." *Id.* at 1177–78 (alteration and internal quotation omitted). "Second, the state offense must be 'roughly similar, in kind as well as in degree of risk posed' to those offenses enumerated at the beginning of the residual clause—burglary of a dwelling, arson, extortion, and crimes involving explosives." *Id.* at 1178 (quoting *Begay v. United States*, 553 U.S. 137, 143 (2011)). Both criteria must be satisfied for a conviction to qualify as a crime of violence. *See United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013).

Under California Penal Code § 242, simple battery "need not involve any real violence," and "the least touching may constitute battery." *People v. Mesce*, 60 Cal. Rptr. 2d 745, 756 (Ct. App. 1997) (alteration and quotation marks omitted). The parties agree that a violation of California Penal Code § 243.1 requires no more force than a simple battery. But, the government argues that because § 243.1 involves a battery against a "custodial officer . . . in the performance of his or her duties," the "serious potential risk" requirement of Guidelines § 4B1.2(a)(2) is met.

The Fourth Circuit has persuasively rejected an identical argument, holding that a conviction for violating a Virginia statute prohibiting assault and battery on a police officer, which "may be accomplished by the slightest touching or without causing physical injury to another," did not qualify as a crime of violence under the Guidelines. *United States v.*

*Carthorne*, 726 F.3d 503, 514 (4th Cir. 2013).**[3]**  The Fourth Circuit reasoned that "because this physical contact element . . . may be satisfied in a relatively inconsequential manner, that statute cannot, by reason of its elements, be viewed as presenting a *serious* potential risk of physical injury."  *Id*.

We agree.  In doing so, we depart from the reasoning of the First Circuit in *United States v. Dancy*, which upheld the application of the Armed Career Criminal Act's residual clause based upon a Massachusetts conviction for battery on a police officer.  640 F.3d 455, 470 (1st Cir. 2011).  The First Circuit relied on its earlier decision in *United States v. Williams*, which held that "battery of an armed on-duty police officer is a powder keg . . . which *always* has the serious potential" to "explode into violence and result in physical injury to someone."  559 F.3d 1143, 1149 (1st Cir. 2009) (citations and quotation marks omitted).  Like the Fourth Circuit, we reject the "powder keg" theory as a "disservice to law enforcement officers," who "can rely on their training and experience to determine the best method of responding" to a non-violent touching.  *Carthorne*, 726 F.3d at 514. Under the categorical approach, a crime which can be accomplished by "minimal physical contact . . . does not constitute an offense 'that ordinarily induces an escalated response from the officer that puts the officer and others at a similar serious risk of injury'" when compared to arson or a crime involving explosives.  *Id.* at 515 & n.12 (quoting *United States v. Hampton*, 675 F.3d 720, 731 (7th Cir. 2012)). A conviction under § 243.1 is not for a categorical crime of violence under the career offender enhancement.

---

**[3]** The Virginia statute also covered battery against corrections officers. *Carthorne*, 726 F.3d at 512 n.8.

**B.**

California Penal Code § 69(a) punishes:

> Every person who attempts, by means of any
> threat or violence, to deter or prevent an
> executive officer from performing any duty
> imposed upon the officer by law, or who
> knowingly resists, by the use of force or
> violence, the officer, in the performance of his
> or her duty.

The alternative methods of violating § 69(a) "have been
called the 'attempting to deter' prong and the 'actually
resisting an officer' prong." *Flores-Lopez v. Holder*,
685 F.3d 857, 862 (9th Cir. 2012) (quoting *People v. Lopez*,
29 Cal Rptr. 3d 586, 603 (Ct. App. 2005)). Because the
statute is divisible, we apply the modified categorical
approach to determine which prong of § 69(a) Lee violated.
*See Descamps*, 133 S. Ct. at 2283–85.

Lee pleaded guilty to a criminal complaint alleging
violation of both prongs of § 69(a). But that plea did not
establish that he violated both prongs. "[U]nder the modified
categorical approach, when a conjunctively phrased charging
document alleges several theories of the crime, a guilty plea
establishes conviction under at least one of those theories, but
not necessarily all of them." *Young v. Holder*, 697 F.3d 976,
986 (9th Cir. 2012) ("[W]hen either 'A' or 'B' could support
a conviction, a defendant who pleads guilty to a charging
document alleging 'A and B' admits only 'A' or 'B.'"),
*abrogated on other grounds by Moncrieffe v. Holder*, 133 S.
Ct. 1678 (2013). Nor do the *Shepard* documents aid us in
determining which prong of this divisible statute Lee

violated. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding that courts may "generally" consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). Thus, if violation of either prong of § 69(a) does not constitute a categorical crime of violence, Lee's conviction under that statute cannot justify application of the career offender enhancement.

We have not directly addressed in a published opinion whether a violation of the "actually resisting prong" of § 69(a) constitutes a "crime of violence" under the § 4B1.2(a)(2) residual clause. However, in *Flores-Lopez*, we held that because the "actually resisting prong" of § 69(a) may be satisfied by "*de minimis* force" and "does not by its nature create a substantial risk that force will be used," a conviction under that prong is not a crime of violence under 18 U.S.C. § 16(b). 685 F.3d at 865. Section 16(b) defines a "crime of violence" as a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[4] The language of the § 4B1.2(a)(2) residual clause is remarkably similar; it defines a crime of violence as "conduct that presents a serious potential risk of physical injury to another." *See United States v. Gomez-Leon*, 545 F.3d 777, 788–89 (9th Cir. 2008) (noting that the

---

[4] In *Dimaya v. Lynch*, this court concluded that § 16(b) is unconstitutionally vague. 803 F.3d 1110, 1120 (9th Cir. 2015); *see also United States v. Hernandez-Lara*, — F.3d —, 2016 WL 1239199, *1 (9th Cir. Mar. 29, 2016) (per curiam) (applying *Dimaya* to U.S.S.G. § 2L1.2(b)(1)(C), which incorporated the § 16(b) definition of "crime of violence").

§ 4B1.2(a)(2) "serious risk of injury test resembles" the § 16(b) "substantial risk/use of force test," and that "it is unclear whether there is any meaningful difference between the two risk-based approaches"). Consistent with our reasoning in *Flores-Lopez*, we conclude that a conviction under the "actually resisting prong" of § 69(a) does not constitute a crime of violence under the residual clause. We therefore need not consider whether a conviction under the "attempting to deter prong" involves a residual-clause crime of violence.

## IV.

Neither Lee's § 243.1 nor his § 69 conviction was for a "crime of violence" as defined by the residual clause of Guidelines § 4B1.2(a)(2). And, because Lee has only one qualifying conviction, *see Lee I*, 704 F.3d at 792, the career offender enhancement is not warranted. We therefore **VACATE** Lee's sentence and **REMAND** for resentencing.[5]

---

[5] Although we differ in our approaches, we are gratified that our colleague has also concluded that the appropriate disposition is to remand for resentencing.

IKUTA, Circuit Judge, dissenting:

The Ninth Circuit has a knack for disregarding the Supreme Court. Sometimes it simply ignores the Supreme Court. *See Harrington v. Richter*, 562 U.S. 86, 92 (2011) ("[J]udicial disregard [for the Supreme Court's habeas jurisprudence] is inherent in the opinion of the Court of Appeals for the Ninth Circuit here under review."). Other times it reads the decisions of the Supreme Court in such a peculiar manner that no "fair-minded jurist" could agree. *See Nevada v. Jackson*, 133 S. Ct. 1990, 1993 (2013) ("No fair-minded jurist could think that [the Supreme Court case at issue] clearly establishes that the enforcement of the Nevada rule in this case is inconsistent with the Constitution."). Occasionally it even thinks it is the Supreme Court. *See Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (scolding the Ninth Circuit for granting habeas relief based on its own precedent, where AEDPA requires that a state court decision violate clearly established federal law as established by the Supreme Court, "not by the courts of appeals"). But this is the first time I've seen the Ninth Circuit decide a criminal defendant's direct appeal based on law that the Supreme Court has just overruled without even considering whether the new rule applies.

In *Johnson v. United States*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness. 135 S. Ct. 2551, 2557 (2015). In doing so, the Court overruled a long line of cases interpreting both the ACCA residual clause and identical language in the United States Sentencing Guidelines, U.S.S.G. § 4B1.2. *Johnson*, 135 S. Ct. at 2558–60. Indeed, we vacated submission of this case until the Supreme Court ruled because it was clear that the

Supreme Court's decision in *Johnson* would control our interpretation of the Guidelines residual clause. But now that the Supreme Court has spoken, the majority simply covers its ears and says "never mind." Without reasoning or explanation, the majority applies cases that the Supreme Court has expressly overruled to decide Jason Lee's claim that his prior offenses do not qualify as "crime(s) of violence" under § 4B1.2. Because we may not ignore a Supreme Court decision that overrules almost a decade of case law, I dissent.

I

Before *Johnson v. United States*, we expressly relied on the Supreme Court's interpretation of the ACCA residual clause to interpret the substantially identical residual clause in § 4B1.2. *See United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013). ACCA requires courts to impose a sentence of not less than 15 years on specified defendants who have three previous convictions for a violent felony or a serious drug offense or both. 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines "violent felony" to include a specified crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."[1] The Supreme

---

[1] 18 U.S.C. § 924(e)(2)(B) states:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

Court interpreted this definition in four key cases: *Sykes v. United States*, 564 U.S. 1 (2011); *Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008); and *James v. United States*, 550 U.S. 192 (2007).

Section 4B1.1 of the Guidelines likewise enhances the sentences of career offenders who have two prior felony convictions for a crime of violence. Using identical language to ACCA, the Guidelines define "crime of violence" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). Because the Guidelines and ACCA use identical language, each of our cases interpreting § 4B1.2 relied on one or more of the four key Supreme Court cases interpreting ACCA's residual clause. *See, e.g.*, *Spencer*, 724 F.3d at 1137–39; *United States v. Park*, 649 F.3d 1175, 1177–78 (9th Cir. 2011); *United States v. Crews*, 621 F.3d 849, 852–55 (9th Cir. 2010).

In *Johnson*, the Supreme Court overruled its four cases interpreting the ACCA residual clause because it concluded that the clause was unconstitutionally vague. 135 S. Ct. at 2557–60. *Johnson* explained that the void-for-vagueness doctrine is based on the Due Process Clause of the Fifth Amendment. *Id.* at 2556–57. According to *Johnson*, "[t]he Fifth Amendment provides that '[n]o person shall . . . be

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

deprived of life, liberty, or property, without due process of law,'" and "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Id*. at 2556 (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)). Although the Court initially framed the void for vagueness doctrine as applying only to substantive criminal laws, it later held the doctrine also applied to mandatory sentencing statutes, because "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder*, 442 U.S. 114, 123 (1979).

Applying this doctrine, *Johnson* determined that the ACCA residual clause was void for vagueness. First, *Johnson* explained that "trying to derive meaning from the residual clause" was a "failed enterprise," and interpretations of the clause amounted to little more than guesswork. 135 S. Ct. at 2560. Referencing the four Supreme Court precedents interpreting the residual clause, *Johnson* described them as "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause that confirm its hopeless indeterminacy." *Id*. at 2558. According to *Johnson*, courts have no reliable way to estimate the risks posed by the defendant's predicate offense, *id.* at 2557–58, or to determine "how much risk it takes for a crime to qualify as a violent felony," *id.* at 2558. This indeterminacy caused the two evils that trigger the void for vagueness doctrine: (1) it "denie[d] fair notice to defendants" and (2) it "invite[d] arbitrary enforcement by judges." *Id.* at 2557. Accordingly, *Johnson* concluded that "imposing an increased sentence under the residual clause of the Armed

Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. In light of this conclusion, *Johnson* expressly overruled the Court's prior interpretations of the residual clause in *Sykes*, 564 U.S. 1, and *James*, 550 U.S. 192, 135 S. Ct. at 2563, and implicitly overruled *Chambers*, 555 U.S. 122, and *Begay*, 553 U.S. 137, 135 S. Ct. 2558–60.

In overturning these cases, *Johnson* necessarily overruled the Ninth Circuit cases that relied on them. As we recognized in *Nunez-Reyes v. Holder*, a decision to overrule long-standing precedent also necessarily overrules "the same holding in those cases that, bound by *stare decisis*, followed the [previous] rule." 646 F.3d 684, 690 (9th Cir. 2011) (en banc); *see also Smith v. Sumner*, 994 F.2d 1401, 1405 (9th Cir. 1993) ("[T]he [district] court relied on a case that was subsequently overruled by the Supreme Court. Therefore, the principle announced [by the overruled case] was no longer good law at the time of Appellant's lawsuit.") (internal citations omitted). And to the extent *Johnson* did not directly overrule our cases, it "effectively overruled" them by "undercut[ting] the[ir] theory or reasoning . . . in such a way that the cases are clearly irreconcilable." *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

The cases that the majority uses to interpret § 4B1.2 have therefore been overruled, because each of them relied on the Supreme Court cases that *Johnson* overturned. *See Spencer*, 724 F.3d at 1137–39; *Park*, 649 F.3d at 1177–78; *United States v. Carthorne*, 726 F.3d 503, 513–14 (4th Cir. 2013). "Where a legal doctrine is overruled by the Supreme Court, [a court's] error in applying that doctrine . . . is 'plain.'" *United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004).

The majority commits exactly this plain error in relying on precedent overruled by *Johnson.*

The majority cannot explain away its reliance on overruled case law by claiming to engage in constitutional avoidance, Maj. op. at 7–8 n.2. In order to avoid a constitutional question, a court must have "some other ground upon which the case may be disposed of." *Pearson v. Callahan*, 555 U.S. 223, 241 (2009) (quoting *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)). The majority claims it can dispose of this case by applying "pre-*Johnson* case law." Maj. op. at 7. But since *Johnson* has eliminated that prior case law, this "other ground" no longer exists. The majority's approach is not constitutional avoidance, it is Supreme Court avoidance.

## II

By declaring the ACCA residual clause unconstitutional, *Johnson* created "a new rule for the conduct of criminal prosecutions" applicable to sentencing proceedings. *See United States v. Jordan*, 256 F.3d 922, 928–29 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). Such rules must "be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception." *Griffith*, 479 U.S. at 328. Because Lee's case was pending on direct review at the time that *Johnson* was decided, we are bound to consider whether Lee is entitled to the benefit of *Johnson*'s new rule. *See Dimaya v. Lynch*, 803 F.3d 1110, 1112 (9th Cir. 2015) (considering how *Johnson* applies to 8 U.S.C. § 16); *cf. Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies retroactively to ACCA cases on collateral review).

It is not immediately obvious that Lee's sentence should be vacated because the Supreme Court's void for vagueness doctrine—which holds that a statute is void for vagueness if it fails to give fair notice of the conduct it punishes or invites arbitrary enforcement—is not directly applicable in the Sentencing Guidelines context.  A criminal statute violates the "fair notice" requirement if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Colautti v. Franklin*, 439 U.S. 379, 390 (1979) (internal quotation marks omitted).  A statute violates the "arbitrary enforcement" requirement if it is "so indefinite that it encourages arbitrary and erratic arrests and convictions." *Id.* (quoting *Papachristou v. Jacksonville*, 405 U.S. 156, 162 (1972)) (internal quotation marks omitted).  In other words, "ordinary notions of fair play and settled rules of law," *Johnson*, 135 S. Ct. at 2557, are violated if police officers, prosecutors, and judges are essentially "defining crimes and fixing penalties" by filling in gaps in statutes. *United States v. Evans*, 333 U.S. 483, 486 (1948).  However, the Due Process Clause is not violated when officials make decisions that have been appropriately entrusted to their discretion.   For instance, in making charging decisions, prosecutors may choose to charge a defendant with the offense that carries the most onerous penalty, rather than a substantially similar offense with lesser penalties, without giving rise to due process concerns. *Batchelder*, 442 U.S. at 123–24.

Unlike the mandatory sentencing schemes in *Batchelder* and *Johnson*, the Sentencing Guidelines are merely advisory and do not fix the penalty for any offense. *See United States v. Booker*, 543 U.S. 220, 245 (2005).  While courts must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S.

38, 49 (2007) (citing *Rita v. United States*, 551 U.S. 338, 347–48 (2007)), and while the Guidelines provide a framework and anchor for the court's exercise of discretion, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345–46 (2016), a district court has broad discretion to impose a sentence inside or outside the recommended Guidelines range and there is no presumption that a sentence outside the range is unreasonable, *Gall*, 552 U.S. at 49. "Overall, this system requires a court to give respectful consideration to the Guidelines, but it permits the court to tailor the sentence in light of other statutory concerns as well." *Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013) (internal quotation marks omitted).

Because a district court is not strictly bound by the Guidelines, but may exercise its discretion to impose a non-Guidelines sentence within the statutory framework, neither the fair notice concern nor the arbitrary enforcement concern giving rise to the void for vagueness doctrine is applicable in the Sentencing Guidelines context.

First, the Supreme Court has made clear that the Due Process Clause does not require a district court to give notice to a defendant before imposing a sentence outside the recommended Guideline range. *See Irizarry v. United States*, 553 U.S. 708, 713–14 (2008). As the Supreme Court acknowledged, *Irizarry* marked a departure from the Court's pre-*Booker* analysis. *Id*. at 713. In *Burns v. United States*, the Court had interpreted Rule 32 of the Federal Rules of Civil Procedure as requiring a district court to notify a defendant before sua sponte departing upward from an applicable Guidelines sentencing range. 501 U.S. 129, 138 (1991). According to the Court, reading Rule 32 "to dispense with notice" would require the Court "to confront the serious

question whether notice in this setting is mandated by the Due Process Clause." *Id.* But in *Irizarry*, the Court concluded that interpreting Rule 32 as allowing the imposition of an above-Guidelines sentence without notice would no longer raise any Due Process Clause concern. *See Irizarry*, 553 U.S. at 713. Rather, "[a]ny expectation subject to due process protection at the time we decided *Burns* that a criminal defendant would receive a sentence within the presumptively applicable Guidelines range did not survive our decision in [*Booker*]." *Id.* Once the Guidelines became merely advisory, the Court reasoned, "neither the Government nor the defendant may place the same degree of reliance on the type of 'expectancy' that gave rise to a special need for notice in *Burns*." *Id.* at 713–14; *see also United States v. Tichenor*, 683 F.3d 358, 365 (7th Cir. 2012) ("Since the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose."). Accordingly, the Court concluded that a district court's imposition of an above-Guidelines sentence without giving notice to the defendant did not raise constitutional concerns. *Irizarry*, 553 U.S. at 714.**[2]**

This reasoning is equally applicable here. Because the defendant no longer has a protected expectation of being sentenced within the range recommended by the Guidelines,

---

**[2]** Because *Irizarry* did not expressly overrule *Burns*, we remain bound by its interpretation of Rule 32 as requiring a district court to give a defendant notice of its decision of a departure from the Guidelines, where "'departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *United States v. Evans-Martinez*, 530 F.3d 1164, 1169 (9th Cir. 2008). We nevertheless recognized that "[i]n light of *Irizarry*, it is arguable that the due process concerns that led to the promulgation of Rule 32(h) are now equally inapplicable to sentencing departures." *Id.*

and the Due Process Clause does not require notice to the defendant that the district court intends to impose an above-Guidelines sentence, any vagueness in the Guidelines that could result in a higher recommended range does not give rise to fair notice concerns under the Due Process Clause.[3]

Nor is the arbitrary enforcement concern giving rise to the constitutional void for vagueness doctrine applicable in the Sentencing Guidelines context. Because *Booker* eliminated the statutory provision making the Guidelines mandatory, a district court is bound only by the sentencing range set by Congress. While the Guidelines provide advice regarding the types of sentences normally imposed by district courts "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46, a district court must ultimately exercise its discretion in imposing the sentence; there is no "unreasonableness presumption for sentences outside the Guidelines range," *id.* at 38. Indeed, we do not even review whether a district court correctly applied the Guidelines' direction for when a departure from a recommended range is appropriate, *see* U.S.S.G. § 5K2.0, because the court "would be free on

---

[3] For this reason, *Booker* and *Irizarry* supercede our *pre-Booker* decisions in *United States v. Gallagher*, 99 F.3d 329, 334 (9th Cir. 1996) and *United States v. Johnson*, 130 F.3d 1352, 1354 (9th Cir. 1997). In *Gallagher* and *Johnson*, we relied on *Batchelder*'s determination that vague sentencing provisions that do not give defendants notice of the consequences of violating a criminal statute may violate the Due Process Clause, and held that a defendant could challenge a provision of the Guidelines on the ground that it was unconstitutionally vague. *Gallagher*, 99 F.3d at 334; *Johnson*, 130 F.3d at 1354. Such concerns are no longer applicable after *Booker*, as explained in *Irizarry*. *Booker* therefore "undercut the theory or reasoning underlying" our decisions in *Gallagher* and *Johnson* "in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

remand to impose exactly the same sentence by exercising his discretion under the now-advisory guidelines," *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006). Given that a district court's interpretation of a Guidelines provision is not "fixing penalties" in a manner that trenches on the authority given to Congress, *Evans*, 333 U.S. at 486, and instead constitutes an exercise of the court's proper discretion, any vagueness in the Guidelines provisions does not increase the due process risk of arbitrary enforcement, *see Batchelder*, 442 U.S. at 123; *Cf. Mistretta v. United States*, 488 U.S. 361, 395 (1989) ("Indeed, because the Guidelines have the effect of promoting sentencing within a narrower range than was previously applied, the power of the Judicial Branch is, if anything, somewhat diminished by the Act.").

In light of the fact that the discretionary Sentencing Guidelines do not raise the same constitutional concerns as mandatory sentencing provisions, I would conclude that any vagueness in the § 4B1.2 residual clause does not violate the Due Process Clause. Therefore, the reasoning in *Johnson* is not directly applicable to the Guidelines and the Guidelines residual clause is not void for vagueness, even though *Johnson* overrules our cases that previously interpreted § 4B1.2. This conclusion is consistent with the holdings of five sister circuits that the Guidelines are not susceptible to due process vagueness challenges. *See United States v. Ellis*, — F.3d —, 2016 WL 859936, at *2–3 (8th Cir. 2016) (citing *United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990)); *United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015); *Tichenor*, 683 F.3d at 365; *United States v. Smith*,

73 F.3d 1414, 1418 (6th Cir. 1996); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).[4]

## III

Because the Guidelines residual clause is not void for vagueness, we must still address whether Lee's convictions under sections 69 and 243.1 of the California Penal Code constitute crimes of violence under the Guidelines residual clause. Contrary to the majority, *see* Maj. op. at 7–8 n.2, we need not decide this question in the first instance. As the Supreme Court did in *Welch*, we may appropriately remand to the district court to consider whether "other grounds" exist to impose the Guidelines career offender enhancement that do not rely on the Supreme Court's prior residual clause cases. 136 S. Ct. at 1268. If we reached the issue, however, I would hold that given the residual clause's inscrutability in the ACCA context, application of the residual clause would violate the Supreme Court's instruction that the district court "begin all sentencing proceedings by correctly calculating the

---

[4] The reasoning of circuits that have invalidated the Guidelines residual clause under *Johnson* is unpersuasive because those circuits failed to consider the purpose of the due process void for vagueness doctrine. *See United States v. Madrid*, 805 F.3d 1204, 1210–11 (10th Cir. 2015); *see also United States v. Maldonado*, 2016 WL 229833, at *3 & n.1 (2d Cir. Jan. 20, 2016); *United States v. Goodwin*, 2015 WL 5167789, at *3 (10th Cir. Sept.4, 2015). These cases applied *Johnson*'s void for vagueness analysis to the Guidelines without adequately examining whether such due process concerns apply in this different context, and without grappling with *Irizarry*'s ruling that a defendant does not have an "expectation subject to due process protection that he will be sentenced within the Guidelines range." *Peugh*, 133 S. Ct. at 2085 (Sotomayor, J., plurality opinion). The opinions in *United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011) and *United States v. Savin*, 349 F.3d 27, 38–39 (2d Cir. 2003), which were decided before *Irizarry*, fail for the same reason.

applicable Guidelines range," *Gall*, 552 U.S. at 49 (citing *Rita*, 551 U.S. at 347–48). If *Johnson* so undermines the residual clause that it cannot be accurately interpreted, a district court would commit a procedural error and abuse its discretion if it used the Guidelines residual clause to calculate the Guidelines range. *See Molina-Martinez*, 136 S. Ct. at 1349; *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011).

The one thing that we cannot do, however, is rely on precedent that has been overruled and effectively rendered non-existent by the Supreme Court. Indeed, the Supreme Court has made clear that pre-*Johnson* case law cannot be applied even in cases pending on habeas review. *Welch*, 136 S. Ct. at 1265. By relying on overruled precedent and failing to consider whether Lee is entitled to the benefit of *Johnson*'s new rule, the majority fails to rise to the challenge of deciding this case in a post-*Johnson* world. I dissent.